**Alma M. ARREDONDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73034.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Joseph M. Bacho, Esquire, Law Offices of Joseph M. Bacho, El Centro, CA, for Petitioner.

Karen Y. Stewart, Esquire, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Peter H. Matson, Esquire, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Alma M. Arredondo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 744 (9th Cir.2007), we deny in part and dismiss in part the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

996

In light of the Record of Sworn Statement and Petitioner's subsequent testimony at her hearing, substantial evidence supports the BIA's determination that Petitioner knew that the two children she attempted to drive across the border did not have documentation to enter the United States legally. *See id.* at 748–49 (substantial evidence supported determination that petitioner knowingly aided alien's illegal entry into the United States).

Petitioner failed to argue in her brief to the BIA that the IJ's reliance on government forms violated due process. We therefore lack jurisdiction to consider Petitioner's claim because she failed to exhaust administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted); *see also Abebe v. Mukasey,* 554 F.3d 1203, 1209–10 (9th Cir.2009) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**